UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| OMAR RICALO, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § | |
| Plaintiff, | | No._____ |
| v. | | |
| PASON SYSTEMS USA CORP. | | JURY TRIAL DEMANDED |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Omar Ricalo (referred to as "Plaintiff" or "Ricalo") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Pason Systems USA Corp. (referred to as "Defendant" or "Pason Systems"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Ricalo's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers …." 29 U.S.C. § 202(a). To

achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Pason Systems violated the FLSA by employing Ricalo and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Pason Systems violated the FLSA by failing to maintain accurate time and pay records for Ricalo and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Ricalo brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)s(2) because a substantial part of the events or omissions giving rise to Ricalo's claims occurred in the Abilene Division of the Northern District of Texas.

### III.  Parties

8. Omar Ricalo is an individual who resides in Bexar County, Texas and who was employed by Pason Systems during the last three years.

9. Pason Systems USA Corp. is a foreign for-profit corporation that may be served with process by serving its registered agent: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Alternatively, if the registered agent of Pason Systems USA Corp. cannot with reasonable diligence be found at the company's registered office, Pason Systems USA Corp. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Pason Systems committed any act or omission, it is meant that Pason Systems' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Pason Systems or was done in the routine and normal course and scope of employment of Pason Systems' officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

12. Pason Systems provides oilfield and drilling data services; it does business in the territorial jurisdiction of this Court.

13. Pason Systems employed Ricalo as a field technician from September 2014 through June 2015.

14. During Ricalo's employment with Pason Systems, he was engaged in commerce or the production of goods for commerce.

15. During Ricalo's employment with Pason Systems, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

16. Pason Systems paid Ricalo on a salary basis.

17. During Ricalo's employment with Pason Systems, he regularly worked in excess of forty hours per week.

18. Pason Systems knew or reasonably should have known that Ricalo worked in excess of forty hours per week.

19. Pason Systems did not pay Ricalo overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

20. Instead, Pason Systems paid Ricalo the same amount of money regardless of the number of hours he worked.

21. Pason Systems knew or reasonably should have known that Ricalo was not exempt from the overtime provisions of the FLSA.

22. Pason Systems failed to maintain accurate time and pay records for Ricalo as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23. Pason Systems knew or showed a reckless disregard for whether its pay practices violated the FLSA.

24. Pason Systems is liable to Ricalo for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

25. All field technicians, employed by Pason Systems are similarly situated to Ricalo because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Pason Systems pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

26. Ricalo adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

27. During Ricalo's employment with Pason Systems, he was a nonexempt employee.

28. As a nonexempt employee, Pason Systems was legally obligated to pay Ricalo "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

29. Pason Systems did not pay Ricalo overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

30. Instead, Pason Systems paid Ricalo the same amount of money regardless of the number of hours he worked.

31. If Pason Systems classified Ricalo as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

32. Pason Systems knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Pason Systems willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

33. Ricalo adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

34. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

35. In addition to the pay violations of the FLSA described above, Pason Systems also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

36. Ricalo adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37. On information and belief, other employees have been victimized by Pason Systems's violations of the FLSA identified above.

38. These employees are similarly situated to Ricalo because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

39. Pason Systems's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

40. Since, on information and belief, Ricalo's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

41. All employees of Pason Systems, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All field technicians employed by Pason Systems during the last three years.

42. Pason Systems is liable to Ricalo and the other field technicians for the difference between what it actually paid them and what it was legally obligated to pay them.

43. Because Pason Systems knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Ricalo and the other field technicians their unpaid overtime wages for at least the last three years.

44. Pason Systems is liable to Ricalo and all field technicians in an amount equal to their unpaid overtime wages as liquidated damages.

45. Pason Systems is liable to Ricalo and all field technicians for their reasonable attorneys' fees and costs.

46. Ricalo has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

47. Ricalo demands a trial by jury.

## IX.  Prayer

48. Ricalo prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Ricalo and the other field technicians all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. prejudgment interest at the applicable rate;

    d. postjudgment interest at the applicable rate;

    e. incentive awards for any class representative(s); and

    f. all such other and further relief to which Ricalo and the other field technicians may show themselves to be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Rochelle Owens
State Bar No. 24048704
Federal Id. No. 590507
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**